# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## Jacksonville Division

**SPENCER STAFFORD**

    **Plaintiff,**

v.                                         **CASE NO.:**

**DUVAL COUNTY PUBLIC SCHOOLS**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff Spencer Stafford ("Plaintiff" or "Mr. Stafford"), by and through the undersigned counsel, and hereby files this Complaint against Defendant Duval County Public Schools ("Defendant" or "DCPS") for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Mr. Stafford currently, and at all material times relevant to this Complaint, resides in Jacksonville, Florida.

2. Defendant is a public entity, operating the public school system for the City of Jacksonville, Florida.

3. Defendant employs over 500 employees and is a covered employer within the meaning of Title VII at all times relevant to this Complaint.

4. This Court has jurisdiction over Mr. Stafford's Title VII claims pursuant to 28 U.S.C. §§ 1331 and 1343.

5. The allegations in this Complaint primarily involve acts and occurrences during Mr. Stafford's employment with Defendant in Jacksonville, Florida. Accordingly, venue is proper within the United States District Court for the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2).

### PLAINTIFF'S COMPLIANCE WITH ADMINISTRATIVE PREREQUISITES

6. Mr. Stafford has timely complied with all legally required administrative prerequisites prior to initiating this action.

7. Specifically, Mr. Stafford timely filed his charge of race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or before April 22, 2021.

8. Mr. Stafford received a Notice of Right to Sue from the EEOC on or about July 13, 2021.

9. Mr. Stafford has timely filed this action within 90 days of receipt of the EEOC Notice of Right to Sue.

### FACTS GIVING RISE TO RELIEF

10. Mr. Stafford is an African-American man, currently employed by Defendant.

11. Mr. Stafford's position with Defendant is Carpenter Shop Leaderman/Lead Worker at Defendant's Maintenance Station III facility.

12. Mr. Stafford has held the position of Carpenter Shop Leaderman/Lead Worker since approximately 2014.

13. To be promoted to the leaderman/lead worker position, Mr. Stafford took and passed an internal exam requiring Mr. Stafford to demonstrate his proficiency as a lead carpenter, as well as in the performance of Carpenter Shop Foreman duties and responsibilities.

14. Mr. Stafford's position as leaderman is a lead role, such that he is a class above other carpenters in this division, and only one position class below the Carpenter Shop Foreman position. Mr. Stafford is also required to perform Carpenter Shop Foreman duties and responsibilities as leaderman or lead carpenter, and indeed has performed such duties and responsibilities satisfactorily on a number of occasions.

15. At all material times relevant to this Complaint, Mr. Stafford was directly supervised by and reported to, Carpenter Shop Foreman, Carlos Hendrix until January 2021.

16. Mr. Hendrix's race is Caucasian.

17. Mr. Hendrix exhibited racial bias toward African-American applicants for carpenter positions, continuously refusing to hire qualified African-American candidates for available positions, but hiring Caucasian candidates

instead.

18. Mr. Hendrix also exhibited racial animus toward Mr. Stafford individually, which included for example, regularly subjecting Mr. Stafford to harsh, intimidating, and condescending tones and mannerisms in communicating with Mr. Stafford, subjecting Mr. Stafford to unwarranted criticisms regarding Mr. Stafford's performance, concealing necessary information from Mr. Stafford regarding projects and assignments that inhibited Mr. Stafford in the performance of his job, and excluding Mr. Stafford from projects and assignments of which he should have been informed and involved. Conversely, Mr. Hendrix did not treat Caucasian and non-African-American employees he supervised in the same manner as he did Mr. Stafford.

19. In early 2018, Mr. Stafford complained to Defendant's senior management about the harassing, unjustified, and unequal treatment he was being subjected to by Mr. Hendrix.

20. Despite Mr. Stafford's 2018 complaint, it is believed that no remedial action was taken against Mr. Hendrix, who continued to subject Mr. Stafford to harassing, unjustified, and unequal treatment on account of Mr. Stafford's race.

21. In June 2020, Mr. Stafford again complained to Defendant's senior management about Mr. Hendrix's continued demeaning and exclusionary treatment of him.

22. Despite Mr. Stafford's June 2020 complaint, it is believed that no

remedial action was taken against Mr. Hendrix, who continued to subject Mr. Stafford to harassing, unjustified, and unequal treatment on account of Mr. Stafford's race.

23. In 2020, Mr. Hendrix announced his upcoming retirement from Defendant, and consequently the position of Carpenter Shop Foreman at Defendant's Maintenance Station III facility became vacant and in need of being filled with a new foreman.

24. Mr. Stafford expressed his desire to be promoted to the available Carpenter Shop Foreman position, and applied for the position.

25. In November 2020, Mr. Stafford was informed by Defendant's management and human resources representatives that an internal examination would be administered to determine who would be promoted to the Carpenter Shop Foreman position being vacated by Mr. Hendrix.

26. However, other Caucasian leadermen/lead workers of Defendant's Facilities Maintenance Department who were promoted to foreman positions had not previously been required to take and pass an internal exam unless there had been more than one leaderman/lead worker competing for the vacant foreman position.

27. Other foreman position vacancies in Defendant's Facilities Maintenance Department have been filled directly by Caucasian lead worker applicants, and have limited the applicants to those who have served a minimum

of one year in the class of lead worker.

28. Thus, no internal examination process has been required for other foreman position vacancies in Defendant's Facilities Maintenance Department where the lead workers have been Caucasian, except for those where multiple lead workers occupied the same position and sought the same foreman position.

29. Conversely, during Mr. Stafford's tenure as Carpenter Shop Leaderman/Lead Worker, the Carpenter Shop Foreman position was intentionally modified to an open application process such that any employee who has served for a minimum of one year in the class of Carpenter Lead Worker or Carpenter may apply.

30. Mr. Stafford is the only Carpenter Lead Worker in Defendant's Facilities Maintenance Department.

31. Mr. Stafford is also the only skilled trade leaderman/lead worker in Defendant's Facilities Maintenance Department who is African-American.

32. In November 2020, Mr. Stafford objected to Defendant's unequal treatment in its promotion procedure for the open Carpenter Shop Foreman position which required an internal examination when other Caucasian leadermen/lead workers had been promoted directly to vacant foreman positions without taking and passing an internal examination.

33. In November 2020, Mr. Stafford also objected to Mr. Hendrix being involved in creating or administering the internal examination based upon Mr.

Hendrix's past discriminatory and harassing treatment of Mr. Stafford, as well as Mr. Stafford obtaining information that Mr. Hendrix had already shared information regarding the promotion exam with Caucasian carpenter employees, but not Mr. Stafford.

34. In December 2020, an internal examination was administered for the Carpenter Shop Foreman position. According to Defendant, none of the candidates, including Mr. Stafford passed this examination.

35. Mr. Stafford submits that portions of the first examination, which included both a written and oral section, were intentionally scored incorrectly or skewed to prevent Mr. Stafford from obtaining a passing score.

36. In January 2021, another internal examination was administered for the Carpenter Shop Foreman position. According to Defendant, Mr. Stafford also did not achieve a passing score for this examination.

37. Mr. Stafford submits that portions of the second examination, which included both a written and oral section, were also intentionally scored incorrectly or skewed to prevent Mr. Stafford from obtaining a passing score.

38. In addition to the scoring, Mr. Stafford submits that other substantive and procedural defects in the administering of both the December 2020 and January 2021 Carpenter Shop Foreman promotion exams resulted in a discriminatory and biased promotional process.

39. In January 2021, Daniel Hodges, Caucasian, was promoted to the

position of Carpenter Shop Foreman at Defendant's Maintenance Station III facility.

40. Mr. Stafford has incurred and continues to incur economic losses associated with the denied promotion.

41. Mr. Stafford has suffered and continues to suffer emotional distress, mental anguish, and other non-economic harms as a result of Defendant's unlawful acts and omissions.

42. Mr. Stafford has retained the undersigned law firm to prosecute this action and has agreed to pay said law firm a reasonable fee for its services.

43. All conditions precedent to filing this action have been satisfied or waived.

## COUNT I
### (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*-Race Discrimination-Disparate Treatment)

44. Mr. Stafford restates and realleges each and every allegation contained in paragraphs 1 through 43 of this Complaint with the same force and vigor as if set out here in full.

45. Defendant, by and through its agents and employees, intentionally discriminated against Mr. Stafford in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.,* by among other things, denying Mr. Stafford a promotion opportunity on account of his race.

46. Mr. Stafford is a member of a protected class based upon race.

47. At all times relevant herein, Mr. Stafford was qualified, and applied for the Carpenter Shop Foreman position.

48. Despite Mr. Stafford's qualifications for the Carpenter Shop Foreman position, he was rejected.

49. A Caucasian, non-African-American employee outside of Mr. Stafford's protected class, was selected and promoted to the Carpenter Shop Foreman position that Mr. Stafford sought.

50. Any non-discriminatory reason for the action Defendant took against Mr. Stafford is pretext for unlawful discrimination.

51. The facts and circumstances of the discriminatory treatment against Mr. Stafford also establish a convincing mosaic of evidence that Defendant, through its agents and employees, intentionally discriminated against Mr. Stafford on account of his race in violation of Title VII.

52. The acts and omissions committed by Defendant, by and through its agents and employees, were willful, malicious, and in reckless disregard of Mr. Stafford's federally protected rights.

53. As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Mr. Stafford has suffered and will continue to suffer lost wages, benefits and entitlements, loss of earning capacity, damage to career and reputation, personal humiliation, loss of dignity, emotional distress, mental anguish, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Spencer Stafford demands judgment against Defendant Duval County Public Schools, for compensatory damages and equitable relief including but not limited to, lost back pay, lost benefits, lost front pay, loss of earning capacity, and other lost economic damages; non-economic damages including emotional distress and mental anguish, damage to career and reputation, personal humiliation, loss of dignity, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; equitable relief in the form of promotion and restitution; attorney's fees and costs under Title VII; pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

### COUNT II
### (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*-Race Discrimination-Hostile Work Environment)

54. Mr. Stafford restates and realleges each and every allegation contained in paragraphs 1 through 43 of this Complaint with the same force and vigor as if set out here in full.

55. Defendant, by and through its agents and employees, created or failed to prevent a hostile work environment against Mr. Stafford on account of his race in violation of Title VII by repeatedly subjecting Mr. Stafford to unlawful harassment and engaging in unwelcome conduct that was sufficiently severe or pervasive to alter the terms, conditions or privileges of Mr. Stafford's employment and create an abusive working environment.

56. Defendant failed to take prompt remedial action to prevent race discrimination and harassment against Mr. Stafford when it knew or should have known that Mr. Stafford was being discriminated against because of his race.

57. Defendant, by and through its agents and employees, further subjected Mr. Stafford to unlawful race discrimination and harassment due to Defendant's failure and refusal to take prompt remedial action.

58. The acts and omissions committed by Defendant, by and through its agents and employees, were willful, malicious, and in reckless disregard of Mr. Stafford's federally protected rights.

59. As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Mr. Stafford has suffered and will continue to suffer lost wages, benefits and entitlements, loss of earning capacity, damage to career and reputation, personal humiliation, loss of dignity, emotional distress, mental anguish, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Spencer Stafford demands judgment against Defendant Duval County Public Schools, for compensatory damages and equitable relief including but not limited to, lost back pay, lost benefits, lost front pay, loss of earning capacity, and other lost economic damages; non-economic damages including emotional distress and mental anguish, damage to career and reputation, personal humiliation, loss of dignity, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; equitable relief in the form of

promotion and restitution; attorney's fees and costs under Title VII; pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

### COUNT III
### (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*-Race Discrimination-Retaliation)

60. Mr. Stafford restates and realleges each and every allegation contained in paragraphs 1 through 43 of this Complaint with the same force and vigor as if set out here in full.

61. Defendant, by and through its agents and employees, unlawfully retaliated against Mr. Stafford in violation of Title VII because Mr. Stafford engaged in protected activity on the basis of race.

62. Mr. Stafford engaged in protected activity by lodging internal complaints and objections with Defendant about being subjected to unlawful discrimination and harassment on account of his race.

63. Defendant, by and through its agents and employees, took adverse employment action and unlawfully retaliated against Mr. Stafford in violation of Title VII, which included but is not limited to: offensive comments and acts, unwarranted criticism, scrutiny, and barriers to performance of his duties, and denied promotional opportunities.

64. Defendant's adverse employment actions were causally related to Mr. Stafford's protected activity.

65. Any non-discriminatory reason proffered by Defendant for taking such adverse employment actions against Mr. Stafford is pretext for unlawful retaliation.

66. As a direct and proximate result of the unlawful actions by Defendant, by and through its agents and employees, Mr. Stafford has suffered and will continue to suffer lost wages, benefits and entitlements, loss of earning capacity, damage to career and reputation, personal humiliation, loss of dignity, emotional distress, mental anguish, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Spencer Stafford demands judgment against Defendant Duval County Public Schools, for compensatory damages and equitable relief including but not limited to, lost back pay, lost benefits, lost front pay, loss of earning capacity, and other lost economic damages; non-economic damages including emotional distress and mental anguish, damage to career and reputation, personal humiliation, loss of dignity, loss of enjoyment of life, and other non-pecuniary losses; punitive damages; equitable relief in the form of promotion and restitution; attorney's fees and costs under Title VII; pre-judgement and post-judgement interest; and such other relief that this Court deems is just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, Spencer Stafford hereby demands a jury trial on all claims set forth in the Complaint.

Dated this 7th day of October, 2021.

        Respectfully submitted,

        The Law Office of Shands M. Wulbern, P.A.

    By: */s/ Shands M. Wulbern*
        Shands M. Wulbern
        Florida Bar No. 0155217
        3000 Hartley Road, Suite 10
        Jacksonville, Florida 32257
        (904) 570-9233
        swulbern@wulbernlaw.com

        *Trial Counsel for Plaintiff*