UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SPENCER STAFFORD,
    Plaintiff,

v.                                   Case No.: 3:21-cv-1007-TJX-JRK

DUVAL COUNTY PUBLIC SCHOOLS,
    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant, Duval County Public Schools ("DCPS"), moves to dismiss the complaint filed in this action. [Doc. 1]. In the alternative, DCPS moves for a more definite statement pursuant to Rule 12(e). Plaintiff has filed a shotgun complaint and failed to allege sufficient facts to support the claims. As a result, DCPS cannot reasonably prepare a response and participate in discovery.

**I.    SUMMARY OF COMPLAINT**

    **A.    The Counts**

The complaint was filed on October 7, 2021 and served on October 18, 2021. It has 53 numbered paragraphs, grouped as follows:

- "Parties, Jurisdiction, and Venue" – paragraphs 1-5;

- "Plaintiff's Compliance with Administrative Prerequisites" – paragraphs 6-9;

- "Facts Giving Rise to Relief" – paragraphs 10-43;

- "Count I (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* – Race Discrimination – Disparate Treatment)" – paragraphs 44-53, incorporating the 43 preceding paragraphs;

- "Count II (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* – Race Discrimination – Hostile Work Environment)" – paragraphs 54-59, incorporating paragraphs 1-43;

- "Count III (Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* – Race Discrimination – Retaliation)" – paragraphs 60-66, incorporating paragraphs 1-43.

### B. The claims

Plaintiff is claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq.. The headings of the three counts list disparate treatment, hostile work environment, and retaliation arising out of Plaintiff's employment with DCPS. Each count incorporates all of paragraphs 1-43 and does not distinguish which facts apply to which counts.

## II. MEMORANDUM

### A. Shotgun complaints

Federal Rules of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim" that will "give the Defendant fair notice of what the

Plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 10(b) further provides that claims must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The Supreme Court has held that the dismissal standard is one of plausibility under which a complaint must contain enough facts to state a claim that raises the "right to relief above the speculative level," or it will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Shotgun complaints violate the pleading requirements of Rule 8 and should be dismissed because they fail to give the defendants adequate notice of the claims filed against them and the grounds on which those claims are based. The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action

3

>or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted); *see also Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n. 8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading").

Shotgun complaints are normally dismissed. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings […]. They waste scarce judicial resources, 'inexorably broaden[ ] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[ ] the public's respect for the courts.'" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted). Courts have inherent authority to dismiss shotgun complaints with prejudice after giving the plaintiff one chance to replead and remedy the deficiencies. *Id.* at 1296; *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) (district courts should strike shotgun pleadings and require repleading, if counsel can, in good faith, make the representations required by Rule 11(b)).

### B. Complaint is an Impermissible Shotgun Complaint

The complaint in this action is a shotgun complaint. Each count improperly incorporates all of the "fact" paragraphs (1-43). Two of the counts (I & III) allege disparate treatment and retaliation. The elements of these claims are different and, even though there may be some overlapping, the facts (and grouping of facts) supporting such claims are necessarily different. Because of the shotgun pleading, it is impossible to discern the grounds on which each count is based and whether the complaint states any claim upon which relief can be granted. *See Weiland*, 792 F.3d at 1321.

### C. Plaintiff's Claims are So Vague they Cannot be Answered

The complaint contains factual allegations that are so vague they cannot reasonably put DCPS on notice of the allegations against them. For example, in paragraphs 35 and 37, Plaintiff alleges that "portions" (although which portions are not specified) of the exams were "intentionally scored or incorrectly skewed to prevent Mr. Stafford from obtaining a passing score." DCPS cannot tell from this allegation what irregularities with the exam process Plaintiff is alleging occurred and, thus, cannot adequately respond to such allegations.

Additionally, in paragraph 38 Plaintiff makes the statement that he "submits other substantive and procedural defects" occurred with regard to the promotional exams. Again, such a vague, conclusory statement does not

5

provide any facts as to what Plaintiff is alleging DCPS did wrong with regard to the examination process and, therefore, cannot be properly answered.[1] Likewise, it is unclear if Plaintiff is alleging these vague issues with the examinations are related to his disparate treatment claim or his retaliation claim.[2]

### D.     <u>Failed to State a Claim for a Hostile Work Environment</u>

Plaintiff's factual allegations relating to this claim, while not entirely clear, appear to be found solely in paragraph 18 of the complaint. This paragraph only contains boiler-plate language. It makes conclusory statements regarding how Plaintiff was spoken to by his supervisor. There are no specific facts alleged as to what occurred to make his work environment hostile. Likewise, Count II, just alleges the elements of a hostile work environment claim but fails to add any additional facts by which to establish the claim. Any of the other allegations, like the two examinations or the complaint Plaintiff

---

[1] Admittedly, Plaintiff makes two specific allegations regarding the exam process – white individuals promoting without needing an exam and Mr. Hendrix being involved in the exam process. However, the broad, open nature of the other allegations suggests Plaintiff is alleging more than just these two purported irregularities were involved in the exam process and, therefore, do not place DCPS on notice of what allegations they are defending against.

[2] It is presumed, since it was only two exams, that this would not be considered severe and pervasive conduct relating to the hostile work environment claim; however, due to the vagueness of the allegations DCPS is only guessing that Plaintiff did not intend to use the exam process as evidence of his hostile work environment claim.

6

made to DCPS about Mr. Hendrix, seemingly would not apply to the hostile work environment claim. However, as noted above, due to the confusing nature of the complaint, Defendant cannot be certain as to what Plaintiff is alleging to support each count. That said, from what DCPS can tell, as currently alleged, the complaint does not appear to contain sufficient facts to state a claim for a hostile work environment.

### III. CONCLUSION

The deficiencies of the complaint require dismissal. DCPS cannot respond to the complaint in its current form and should not have to conduct discovery in the absence of proper notice of claims and supporting grounds. *Jackson v. Bank of America*, 898 F.3d at 1358 (defendant noted that the complaint was vague and ambiguous, and the shotgun pleading made it impossible to know which facts pertained to which claim). Because the complaint is so vague and ambiguous, it fails to state a claim upon which relief can be granted. The shotgun nature of the complaint also makes it impossible to determine at this time whether other grounds for dismissal exist.

DCPS respectfully requests that the complaint be dismissed or that Plaintiff be required to file a more definite statement.

Dated: November 9, 2021

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL
CITY OF JACKSONVILLE**

/s/ *Ashley B. Rutherford*
**Sean B. Granat
DEPUTY GENERAL COUNSEL**
Florida Bar No.: 138411
Telephone: (904) 255-5061
Email: SGranat@coj.net
Secondary: DorothyO@coj.net
**ASHLEY B. RUTHERFORD
ASSISTANT GENERAL COUNSEL**
Florida Bar No.: 84022
Email: arutherford@coj.net
Office of General Counsel
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Tel: (904) 255-5045
Fax: (904) 255-5120
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record. I further certify that I mailed the foregoing document and the notice of electronic filing by mail to the following non- CM/ECF participants: N/A.

/s/ *Ashley B. Rutherford*
Attorney